UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO J. AGUERO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:15-CV-323-M-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management. The case is now before the Court for findings of fact and a recommended disposition of Plaintiff's motion for a default judgment, Doc. 72, and Defendant's *Motion for Summary Judgment*, Doc. 73. For the reasons that follow, it is recommended that Plaintiff's motion be **DENIED** and Defendant's motion be **GRANTED**.

**A. Procedural History**

In September 2015, Plaintiff, proceeding without the assistance of counsel, filed an amended complaint that alleges he received negligent medical treatment by staff at the Department of Veteran's Affairs, in violation of the Federal Tort Claims Act ("FTCA"). Doc. 18 (citing 28 U.S.C. § 1346(b)). He seeks $4 million in damages on behalf of himself, his wife, and his two minor children. Doc. 18 at 3. At a status conference conducted June 22, 2017, the Court *sua sponte* enlarged the time for the parties to conduct discovery and file dispositive motions. Doc. 68. Subsequently, Plaintiff moved for entry of a default judgment, and Defendant moved for summary judgment. Doc. 72; Doc. 73.

**B. Parties' Arguments**

    *1. Plaintiff's Motion for Default Judgment*

Plaintiff asserts that he is entitled to entry of a default judgment against Defendant because Defendant did not respond to his complaint within 20 days of being served therewith and has failed to show excusable neglect for its failure to do so.[1] Doc. 72 at 1-3. Plaintiff also appears to argue that the undersigned erred in *sua sponte* enlarging the time for the completion of discovery and the filing of dispositive motions when Defendant "abandoned" the case. Doc. 72 at 3-5. He requests that the Court award him damages of $20 million as well as his costs and expenses. Doc. 72 at 4.

Defendant responds that it timely filed an answer to Plaintiff's complaint within 60 days of the date of being served, since service was effectuated on the United States Attorney on September 21, 2015, and Defendant filed its answer on November 20, 2015.[2] Doc. 75 at 3-4. Additionally, Defendant argues that the Court acted within its discretion in managing its docket by allowing additional time for discovery and the filing of dispositive motions. Doc. 75 at 4-7.

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. FED. R. CIV. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has not entered a default against Defendant. The motion fails on that basis alone. Regardless, Plaintiff is not entitled to a default judgment because Defendant filed its answer to his amended complaint exactly 60 days

---

[1] At the June 22 status conference, it was clear to the Court that Plaintiff was under the mistaken impression that Defendant or Defendant's counsel had a legal duty to answer by discussing directly with him the allegations in his Complaint.

[2] Defendant mistakenly asserts that it filed its answer on November 25, 2015. Doc. 75 at 5-6.

after it was served with process, as required by Rule 12(a)(2) of the Federal Rules of Civil Procedure.

Additionally, as Defendant points out, the Court has wide discretion in managing its docket and proceeding in the orderly administration of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (holding that federal courts have the inherent authority to manage their dockets). The Court permissibly acted within its discretion in *sua sponte* enlarging the period for completing discovery and filing dispositive motions. If Plaintiff had objections to that order, his remedy was to timely appeal the decision to the district court. *See* FED. R. CIV. P. 72(a).

*2. Defendant's Motion for Summary Judgment*

Defendant argues that it is entitled to the entry of summary judgment on Plaintiff's medical malpractice claim because Plaintiff did not timely designate an expert witness and provide expert reports by the Court's deadline of July 11, 2016. Doc. 74 at 2-3. Plaintiff did not respond to the motion.

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)).

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of a government employee. *See* 28 U.S.C. §§ 1346(b), 2671 *et*

3

*al.*; *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). In FTCA actions, the substantive law of the state where the alleged injury occurred is controlling. *Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014). Because the alleged wrongful conduct here occurred in Texas, Texas law applies. *Id.*

In a medical malpractice action, a plaintiff must establish that his physician breached the standard of care. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). In particular, a plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of the standard of care and the injury. *Id.* To overcome a motion for summary judgment, expert testimony is required to establish the governing standard of care and to determine whether the standard has been breached. *See Hannah*, 523 F.3d at 601 ("'Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required' to meet the plaintiff's burden of proof.") (quoting *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977)).

On July 14, 2016, Plaintiff filed a pleading titled "Plaintiff's Submittal of motion to designate expert witness and expert disclosures." Doc. 37. The undersigned denied the motion, noting that, under the Court's *Scheduling Order,* Plaintiff was required to designate his expert witness and submit expert disclosures—without the necessity of obtaining the permission of court. Doc. 57. The deadline for doing so expired on July 11, 2016. Doc. 31 at 2. Notably, Plaintiff did not request leave to designate experts or provide expert reports past the deadline, instead, he avers in the opening sentence of the pleading that it was being submitted on July 11, 2016, which, as evidenced by the manual file-stamp, was clearly not the case. Doc. 37 at 1. And even if the Court had liberally construed Plaintiff's "Submittal" as his expert designation and/or

4

expert report, it falls woefully short of the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.³

While difficult to decipher, the motion basically recounts Plaintiff's grievances, and mentions the Veterans Administration employees, including his doctor, that he intends to question about those grievances. Doc. 37 *passim*. Nowhere in the pleading does Plaintiff identify a witness who can and will testify regarding: (1) the physician's duty to act according to an applicable standard of care; (2) a breach of the applicable standard of care; (3) an injury; or (4) a causal connection between the breach of the standard of care and the injury – as is his burden. *Quijano*, 325 F.3d at 567. Moreover, Plaintiff has wholly failed to offer any evidence to refute Defendant's assertion that he lacks evidence on these material issues, specifically that he "cannot prove medical negligence in the absence of such expert testimony," Doc. 73 at 2. Indeed, because Plaintiff did not timely designate an expert witness and provide an expert report, he cannot succeed on his FTCA claim. *Hannah*, 523 F.3d at 601. Thus, Defendant's summary judgment motion should be granted.

---

³ As to his non-retained expert witnesses, Plaintiff was required to disclose:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26.

## C. Conclusion

For the reasons set forth above, it is recommended that Plaintiff's *Motion for a Default Judgment*, Doc. 72, be **DENIED**, and Defendant's *Motion for Summary Judgment*, Doc. 73, be **GRANTED**. Upon acceptance of this recommendation, the case should be **CLOSED**.

**SO RECOMMENDED** on September 6, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE